UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL PIZZO,                                      Case No. 13-11344

              Plaintiff,                    Georg Caram Steeh
v.                                                 United States District Judge

COMMISSIONER OF SOCIAL SECURITY,          Michael Hluchaniuk
                                                   United States Magistrate Judge
              Defendant.
_____/

## REPORT AND RECOMMENDATION
## MOTION FOR ATTORNEY FEES UNDER EAJA (Dkt. 20)

## I.     PROCEDURAL HISTORY

Plaintiff filed the instant claims on October 7, 2010, alleging that he became

disabled on August 1, 2009.  (Dkt. 7-2, Pg ID 44).  The claims were initially

disapproved by the Commissioner on January 19, 2011.  (Dkt. 7-2, Pg ID 44).

Plaintiff requested a hearing and on October 27, 2011, plaintiff appeared with

counsel before Administrative Law Judge ("ALJ") Oksana Xenos, who considered

the case de novo.  In a decision dated December 20, 2011, the ALJ found that

plaintiff was not disabled.  (Dkt. 7-2, Pg ID 44-53).  Plaintiff requested a review of

this decision and on February 11, 2013, the ALJ's decision became the final

decision of the Commissioner when, after the review of additional exhibits, the

Appeals Council denied plaintiff's request for review.  (Dkt. 7-2, Pg ID 31-34).

On March 26, 2013, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge George Caram Steeh referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability and disability insurance benefits. (Dkt. 3). This matter came before the Court on cross-motions for summary judgment. (Dkt. 12, 15). The undersigned recommended that plaintiff's motion for summary judgment be granted and that defendant's motion for summary judgment be denied. (Dkt. 17). This recommendation was adopted by Judge Steeh and this matter was remanded for further proceedings. (Dkt. 18, 19).

On April 8, 2014, plaintiff filed a motion for fees and costs under the Equal Access to Justice Act ("EAJA"). (Dkt. 20). Defendant filed a response on April 22, 2014. (Dkt. 22). Defendant does not object to an award of fees, but objects to the hourly rate sought by plaintiff and asserts that the number of hours billed for this matter is excessive. (Dkt. 22). Plaintiff filed a reply on May 7, 2014. (Dkt. 25). On April 16, 2014, Judge Steeh referred this motion to the undersigned under 28 U.S.C. § 636(b)(1)(B). (Dkt. 21).

For the reasons set forth below, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED** in part; (2) fees in the amount

of $7,750.11 be awarded to plaintiff, along with costs in the amount of $350; (3)

the Commissioner must determine whether the assignment to plaintiff's counsel is

valid and whether plaintiff is indebted to the government; and (4) if the

assignment is valid and plaintiff is not indebted to the government, the attorney

fee award may be payable directly to plaintiff's counsel.

## II.    ANALYSIS AND CONCLUSION

### A.    Hourly Rates

The EAJA permits an award of "reasonable" attorney fees.  28 U.S.C.

§ 2412(d)(2)(A).  Plaintiff bears the burden of proving the reasonableness of the

fees requested.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Courts regularly

utilize the lodestar approach to calculate attorney fees, "multiplying the number of

hours reasonably expended on the litigation times a reasonable hourly rate."

*Blanchard v. Berteroa*, 489 U.S. 87, 94 (1989).  The EAJA bases attorney fees on

the market rate, but also caps the hourly rate at $125 per hour, unless an increase

in the cost of living or a special factor justifies a higher fee.  28 U.S.C.

§ 2412(d)(2)(A).  Although the EAJA limits attorneys fees to the litigation

process, *id*. § 2413(a)(1), this includes the EAJA application process.  *I.N.S.*

*Comm'r v. Jean*, 496 U.S. 154, 162 (1990).  While a court must award

compensation for all time reasonably expended, it should exclude time that is

excessive, redundant, or inadequately documented.  *Hensley*, 461 U.S. at 433-34.

Plaintiff requests an award of attorney fees in the amount of $7,338.00 be paid to his attorney, calculated at the rate of $125.00 per hour plus allowed cost of living increases according to the consumer price index (Dkt. 20, Ex. D), and an adjustment due to the limited availability of qualified attorneys (Dkt. 20, Exs. H, I and K) for 36.69 hours of work in the United Stated District Court, and costs of $350.00 to be paid to plaintiff.  Additionally, based on the Cost of Living Adjustment considerations, the $125.00 hourly rate would now be $187.02 for 2013.  (Dkt. 20, Ex. D).  Counsel has listed an itemized hourly rate of $200.00 which plaintiff contends takes into account the cost of living adjustment, the attorney's skill and experience and the limited availability of qualified attorneys. According to plaintiff, the amount of the fees requested herein are reasonable and consistent with the amount of time expended and the degree of complexity of the issues involved in this litigation, and which are less than counsel's customary hourly rate.

The hourly rate requested is based, in part, on the statutory EAJA rate of $125.00, adjusted for the cost of living increase established by the U.S. Bureau of Labor Statistics (BLS).  (Dkt. 20, Ex. D).  In addition, plaintiff has provided the following supporting evidence: a) 2007 and 2010 Michigan State Bar Association Publication Surveys on attorney hourly rates (Dkt. 20, Ex. E); b) 2012 Ohio Bar Association on Attorney Hourly Billing Rates (Dkt. 20, Ex. F); c) Affidavit of

4

James Roy Williams, experienced Ohio Social Security Practitioner (Dkt. 20, Ex. G); d) Affidavit of Evan A. Zagoria, experienced Michigan Social Security Practitioner (Dkt. 20, Ex. H); e) Declaration of Frederick Daley, Jr., experienced Illinois Social Security Practitioner (Dkt. 20, Ex. I); f) Affidavits of Blaise A. Repasky, David A. Sims and Michael J. Trager, experienced practitioners in Suburban Detroit, Michigan (Dkt. 20, Ex. J); and g) Affidavit of Dannelly C. Smith (Dkt. 20, Ex. K).

Defendant argues that the fee request in this case is excessive primarily because plaintiff has not established that the fees should exceed the $125 per hour statutory cap. The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour *unless* the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). The Sixth Circuit has determined that whether a cost of living adjustment above the statutory cap is warranted is a matter committed to the district court's discretion, and that a district court generally acts well within its discretion when it declines to make such an adjustment. *See Begley v. Sec'y of*

5

*Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). When requesting an award for attorney fees in excess of $125 per hour, the claimant bears the burden of providing appropriate evidence to support the increase. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)). The Sixth Circuit has required claimants to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (citation and internal quotations omitted). The Sixth Circuit has rejected attorney fee requests seeking a higher rate where the plaintiff relied solely on the Department of Labor's Consumer Price Index (CPI). *Id.*; *see also Sleight v. Comm'r of Soc. Sec.*, 2012 WL 4006684, at *2 (E.D. Mich. Sept. 12, 2012) (rejecting claim for fees in excess of $125 where the plaintiff provided no evidence that the fees requested were in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation and where the plaintiff only submitted the CPI); *Page v. Astrue*, 921 F. Supp.2d 746, 748 (E.D. Mich. 2013) (same).

While plaintiff cites two cases, one from the Eastern District of Michigan and one from the Western District of Michigan, in which an hourly rate over $170 had been approved, the Commissioner contends that this anecdotal evidence was

6

insufficient to prove a limited availability of qualified attorneys; Social Security matters do not require expertise outside the general ability of any attorney. The Commissioner also contends that the EAJA does not mandate an automatic increase in attorney fees for increases in the cost of living. Plaintiff's request for a cost of living adjustment based on the All-Urban CPI was insufficient by itself to justify an increase in the attorney fee rate. *See Bryant*, 578 F.3d at 450. The district court was not required to credit this CPI. *See Begley*, 966 F.2d at 200. Similarly, the district court is not obligated to find the affidavits of various attorneys to prove there is a shortage of competent counsel in the area. Even if a different court may have found the evidence presented by plaintiff sufficient to justify an increase, there was nothing requiring the district court to find it sufficient in this case. The Commissioner points out that other courts have found the same evidence presented here insufficient to justify an award above the statutory cap. *See Grooms v. Comm'r of Soc. Sec.*, No. 08-14189, 2011 WL 4536886 (E.D. Mich., Sept. 30, 2011); *Coates v. Comm'r of Soc. Sec.*, E.D. Mich. No. 4:12-cv-13900, Dkt. 37, Order Granting Plaintiff's Motion for Attorney Fees in Part, April 9, 2014; Page ID 604-05).

The Commissioner also argues that the attorney affidavits plaintiff attached overcome the reasonable conclusion that there are a sufficient number of attorneys in a region containing one of the country's major metropolitan areas to represent

plaintiffs in this type of case.  The Supreme Court has cautioned that the phrase "limited availability of qualified attorneys for the proceedings involved" under the EAJA does not mean that lawyers who are skilled and experienced enough to try these types of cases are in short supply.  *Pierce v. Underwood*, 487 U.S. 552, 571 (1988).  Rather, this phrase refers to attorneys who are qualified in some specialized sense, such as those counsel who possess some "distinctive knowledge or specialized skill needed for the litigation in question." *Id*. at 572.  Examples of this category include "an identifiable practice specialty, such as patent law, or knowledge of a foreign law or language." *Id*.  Many courts have held that litigation of Social Security matters does not require expertise outside the general ability of an attorney that would warrant an enhanced fee beyond the statutory rate. *See Raines v. Shalala*, 44 F.3d 1355, 1361 (7th Cir. 1995); *see also Grooms v. Comm'r of Soc. Sec*., 2011 WL 4536886 (E.D. Mich., Sept. 30, 2011) (collecting cases).

The Commissioner also points out that attorney Zagoria did not reside in Michigan at the time plaintiff submitted this 2010 affidavit as evidence in support of his fee petition.  *DiMarzio v. Comm'r of Soc. Sec.*, E.D. Mich. No. 11-15365, Order to Show Cause Hearing, Dkt. 33, Dec. 18, 2012; Page ID 924.  Mr. Zagoria moved to Florida in December 2010. *Id*.  Plaintiff also represented that Zagoria practiced in Eastern District of Michigan and focused on Social Security cases.

8

However, as Mr. Zagoria's affidavit indicated, he used Illinois-based attorney Frederick Daley, Jr., to research and write his Social Security briefs. (Dkt. 20, Ex. H). Zagoria appears to have begun appearing as "local counsel of record" and thereby performing a limited role in Social Security district court cases in the mid-2000s. *See e.g.*, *Fauss-Miller v. Comm'r of Soc. Sec.*, E.D. Mich. No. 06-12079, Application for Attorney Fees, Dkt. 22, Dec. 19, 2007; Page ID 578-581). Zagoria admitted in other proceedings that he failed to take an active interest in "his" cases when acting as local counsel. *DiMarzio v. Comm'r of Soc. Sec.*, E.D. Mich. No. 11-15365, Order to Show Cause Hearing, Dkt. 33, Dec. 18, 2012; Page ID 914. Accordingly, the Commissioner maintains that the district court is not required to accept the affidavit of Florida attorney and former Michigan local counsel Zagoria as proof of the regular hourly rate charged by attorneys within the Eastern District of Michigan who actually work on cases similar to that which was performed in this case.

In this case, plaintiff makes two claims for increasing the hourly attorney fee rate under EAJA. First, plaintiff points to the cost of living increase. Second, plaintiff points to a "special factor" – the difficulty in obtaining lawyers in this area to perform social security work – as justifying a separate, but additional increase in the hourly rate. The Court will address each issue separately.

As to the cost of living increase, the Commissioner cites to *Bryant v.*

9

*Comm'r of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009), and *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011), in support of its argument that plaintiff's counsel should be limited to the statutory cap of $125 per hour.  However, both cases are distinguishable in that the plaintiffs in those cases did not provide the same support for their request for attorneys fees.  In *Bryant*, the plaintiff submitted only the Department of Labor's CPI and argued that the rate of inflation supported an increase in fees, and the court held that such evidence was not enough.  *Bryant*, 578 F.3d at 450.  Similarly, in *Mathews-Sheets*, which the undersigned notes is not binding precedent on district courts within the Sixth Circuit, plaintiff sought fees at an hourly rate of $225, based solely on a claim that it was the prevailing market rate for his services to his client, and his citation, on reply, to the Consumer Price Index.  *Mathews-Sheets*, 653 F.3d at 562-63.

Notably, "[t]he appropriate market for calculating attorneys' fees is the market in which the court sits." *Ralston v. Astrue*, 2011 WL 7299836, *5 (E.D. Mich. 2011), citing *Zanon v. Astrue*, 2010 WL 1524143, *4 (E.D. Mich. 2010). Plaintiff lives in the Eastern District of Michigan, and his counsel is here.  Thus, the appropriate market for calculating attorney fees is the Eastern District of Michigan.[1]  *See e.g.*, *Gilbert v. Comm'r of Soc. Sec.*, 2012 WL 1890884, *5 (E.D.

---

[1]  Based on the foregoing, the undersigned does not find the declarations of out of state practitioners or billing rates from other states to be particularly persuasive.

Mich. 2012).  Unlike *Bryant*, to support the claimed cost of living increase in the hourly rate, plaintiff does not simply rely on the CPI.  Rather, plaintiff here also attaches the 2007 and 2010 Michigan State Bar Association Surveys on attorney hourly rates, which support a higher rate.  (Dkt. 20, Ex. E)  Case law in this District supports such an increase based only on the Michigan 2010 Economics of Law Practice Survey, in addition to an affidavit from the plaintiff's attorney and the CPI.  *See e.g.*, *Hayes v. Comm'r of Soc. Sec.*, 2014 WL 5427533 (E.D. Mich. 2014).  Thus, the undersigned suggests that plaintiff has submitted ample evidence in support increased hourly rate based on a fair estimate of prevailing rates in this District.  *See Poholski v. Comm'r of Soc. Sec.*, 2014 WL 1775688, at *2 (E.D. Mich. May 5, 2014) (awarding hourly rate of $181.63 based on affidavit of plaintiff's counsel, the CPI, the 2010 State Bar of Michigan Economics of Law Practice Survey, and affidavits of other attorneys); *Caldwell v. Comm'r of Soc. Sec.*, 2013 WL 4830953, at *5 (S.D. Ohio Sept. 10, 2013) (noting plaintiff submitted affidavits of other attorneys experienced in Social Security disability cases, as well as an Ohio State Bar Association survey conducted in 2010 showing the prevailing market rates for attorneys in various categories), *adopted by* 2013 WL 5521960 (S.D. Ohio Oct. 3, 2013).  Moreover, there are a number of recent cases in this District where the Commissioner has not objected to similar rates. *Hamilton v. Comm'r of Soc. Sec.*, 2011 WL 10620498 (E.D. Mich. Aug. 15, 2011)

11

(finding the hourly rate of $170 to $172 for Daley's firm consistent with prevailing EAJA rates in this district), *adopted by* 2013 WL 1759137 (E.D. Mich. Apr. 24, 2013); *Phillips v. Comm'r of Soc. Sec.*, 2013 WL 5313200 (E.D. Mich. Sept. 20, 2013) (finding $173.00 per hour to be a reasonable rate); *Cowart v. Comm'r of Soc. Sec.*, 795 F. Supp.2d 667, 671 (E.D. Mich. 2011) ($173.00 per hour was a reasonable rate for work performed from November 2008 to June 2010).[2]  The undersigned finds that plaintiff has presented the type of evidence as contemplated by *Bryant* to establish an increase in the hourly rate based on inflation.  *Begley v. Secretary of Health and Human Services*, 966 F.2d 196, 200 (6th Cir. 1992) (adjustments for increases in the Consumer Price Index are left to the discretion of the district court.).

As explained in *Nepa v. Comm'r of Soc. Sec.*, 2014 WL 5347419 (E.D. Mich. 2014), the "paucity of attorneys willing to try social security cases does not qualify as a 'special factor' justifying an increased award under the EAJA." *Id.*, quoting *Pierce v. Underwood*, 487 U.S. 552, 571-72 (1988).  The Supreme Court

---

[2]  The undersigned acknowledges that the Commissioner has not waived the right to object to plaintiff's requested fee rate simply because the Commissioner has not objected to similar rates in other cases.  Rather, the undersigned only points this out as further evidence of the "prevailing rate" in this District for similar work by attorneys of comparable experience.  *See Herold v. Comm'r of Soc. Sec.*, 2012 WL 6675936, at *4 (S.D. Ohio Dec. 21, 2012) ("The Court is permitted to consider evidence of legal fees charged in the same geographical area, as well as take judicial notice of the historical fee reimbursement rate in this district, in determining the prevailing market rate for the case before the Court.") (collecting cases), *adopted by* 2013 WL 228035 (S.D. Ohio Jan. 22, 2013).

stated that under the EAJA, the phrase "limited availability of qualified attorneys for the proceedings involved" does not mean that lawyers who are skilled and experienced enough to try these types of cases are in short supply. *Id*. at 571. Rather, the phrase refers to attorneys who are qualified in some specialized sense, such as those attorneys who possess some "distinctive knowledge or specialized skill needed for the litigation in question." *Id*. at 572; *McNelis v. Comm'r of Soc. Sec.*, 2011 WL 743393, *2 (E.D. Mich. 2011) (the evidence submitted was insufficient to satisfy plaintiff's burden because the affidavits failed to establish a limited number of qualified attorneys available for social security cases in the Eastern District of Michigan). Here, as in *Nepa*, plaintiff presented the affidavit of Danelley Smith attesting to the lack of availability of attorneys willing to litigate Social Security appeals in federal court in Southeast Michigan due to the demanding and time-consuming nature of the work, and the affidavit of Evan Zagoria, stating that he represents claimants filing for disability insurance benefits before the Social Security Administration, that Social Security appeals are generally time-consuming and not lucrative, that he has enlisted the services of Frederick Daley over the past year or so, but has been unable to find local attorneys to handle the court cases for other's work. (Dkt. 20-2).[3] The

---

[3] Plaintiff also attached three other affidavits from local attorneys attesting to their hourly rates. (Dkt. 20-2). However, these attorneys do not state that they practice Social Security disability law, and thus their hourly rates are not relevant to this decision.

undersigned agrees with the Court in *Nepa* that, although the affidavits of Smith, Zagoria, and Daley attest to a lack of attorneys willing to take social security cases, being filed in 2010, the affidavits are stale. *Id*. at *3. More importantly, as observed in *Nepa*, the affidavits address the wrong question. The question is not the number of attorneys who are *willing* to take social security cases, but the number of attorneys who are qualified to handle social security cases. *Id*. "[T]he paucity of attorneys who are willing to try such a case does not fall within the interpretation of the statute." *Id*. at *3, quoting *Grooms*, 2011 WL 4536886, at *2 (E.D. Mich. 2011), citing *Pierce*, 487 U.S. at 572. Indeed, the "affidavits speak to willingness, not to qualifications." *Nepa*, at *3. The undersigned concludes that, just as in *Nepa*, plaintiff has not shown a special factor to justify increasing the award. Thus, the hourly rate will not be increased on this basis.

B.    <u>Number of Hours</u>

The Commissioner also contends that plaintiff's request for fees on work performed appears to be unreasonable, given the hours claimed for this work. His attorney's affidavit indicates he spent 21.66 hours on his main brief (2 hours reviewing the transcript and 19.66 hours preparing the argument of his main brief). According to the Commissioner, this number expended is unreasonable, considering the normal sized transcript (388 pages). The Commissioner also points out that Mr. Bertino represented plaintiff throughout the administrative

14

proceedings and as such, he was well-familiarized with the facts of the case and the case file, which contained notes and case law regarding the arguments set forth in the administrative proceedings.  According to the Commissioner, plaintiff's motion for summary judgment contained several arguments that were substantially similar if not identical to the ones he raised in his district court brief.  For example, in his May 24, 2012 positional letter submitted to the Appeals Council, Mr. Bertino referenced the ALJ's evaluation of the treating medical source opinions provided by Drs. Baghdoian and Barker.  (Tr. 174, 176-77).  These very same arguments reappeared, in some sections, verbatim, in the district court brief.  (Dkt. 12-1, at 8-11, 13-15).  Additionally, plaintiff's credibility argument to the Appeals Council was repeated in his district court brief.  (Tr. 171-74; Dkt. 12-1 at 16, 18-22).  Further, plaintiff's arguments, that the ALJ failed to assess the severe impairments properly and did not conduct a function-by-function analysis, are repeated nearly verbatim in the district court brief.  (Tr. 178-79; Dkt. 12-1 at 22-23).  Similarly, plaintiff's argument that the ALJ committed reversible error, in failing to evaluate all of the medical exhibits, is exactly the same in the Appeals Council letter as it is in his district court brief.  (Tr. 179-80; Dkt. 12-1 at 23-24).  Plaintiff's argument about the impact of the sit/stand option appeared first in his July 17, 2012 letter to the Appeals Council, and was repeated in his district court brief.  (Tr. 182-84, Dkt. 12-1 at 25-27).  The Commissioner contends that

plaintiff's district court brief contained very little argument and citations to authority that were not already included in the letter to the Appeals Council.

Even if attorney Bertino's arguments before this Court were slightly more developed, the Commissioner maintains that plaintiff's claim of 19.66 hours appears excessive, requiring reductions. *See Hensley*, 461 U.S. at 434 (fees for "excessive, redundant or otherwise unnecessary" hours should be disallowed). The Commissioner suggests a reduction in the 21.66 hours itemized for transcript review and brief writing by at least 50% (10.8 hours). Plaintiff's attorney also claimed that he spent 3.95 hours reviewing the Commissioner's argument and research. The Commissioner asserts that the non-novel issues raised in this case would not justify this amount of time expended. As a self-acknowledged specialist in Social Security cases, plaintiff's counsel should have been well-acquainted with the relevant law as well as the medical facts, especially given his work on this case at the administrative level and citations of authority that he repeated in his district court filings. Mr. Bertino stated in his affidavit: "I have represented claimants in Social Security Disability claims for the past thirty-six (36) years. My practice is primarily limited to handling of Social Security and SSI claims. I have appeared numerous times in the District Court and US Court of Appeals on Social Security Claims." (Dkt. 20, Ex. C). The Commissioner therefore suggests that this Court reduce the 3.95 hours itemized for reviewing the

Commissioner's argument and research by at least 50% (approximately 2 hours).

In response, plaintiff points out that his federal court brief was twice as long as the brief he submitted to the Appeals Council and contained new citations to 12 cases, five social security rulings, three regulations, and one statute. Plaintiff also points out that the work he performed at the Appeals Council level actually shortened the amount of time he would have spent working on this matter before this Court, citing to cases where 62 hours were not found to be unreasonably excessive and that the average number of hours for attorney work on a social security case ranges from 30 to 40 hours. *Grooms*, *supra*; *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990) (The average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours.).

The undersigned finds that, taken as a whole, the hours expended by plaintiff's attorney were reasonable. In a routine social security disability case, the Sixth Circuit has concluded that a range of 30 to 40 hours is typical. *See Hayes*, 923 F.2d at 420 ("It is the opinion of this Court that the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours."). Plaintiff initially requested fees for 36.69 hours of work and, in reply, requests as additional 4.75 hours for preparing the reply in support of the fee application. Contrary to the position of the Commissioner, in the view of the undersigned, the

17

hours reported by plaintiff's attorney are not unreasonable simply because he also represented plaintiff during the administrative proceeding and was familiar with the record before embarking on the federal court appeal.  The Court finds that the hours expended by plaintiff's attorney were generally reasonable.  While none of the issues raised were extraordinarily complex, there were a multitude of errors raised by plaintiff, which were extensively briefed.  The number of pages contained in the record is not generally indicative of the time necessary for review and analysis, although this record was nearly 400 pages.  Sometimes a social security transcript may contain extraneous or duplicative material while on other occasions, each page must be carefully reviewed and analyzed in order to understand all the issues.  Moreover, as is often the case with litigation, theories, analyses, and research may be undertaken, reworked, and ultimately rejected by counsel, which is difficult to account for in the final product presented to the Court.  The 41.44 hours expended by plaintiff's attorney on this case are within the range of reasonable time expended in such a case.

     C.    <u>To Whom Should the Attorney Fees be Paid?</u>

Finally, the Commissioner suggests that any fees awarded by this Court would belong to plaintiff and not her attorney, and could be offset to satisfy pre-existing debt that the litigant owes the United States, under *Astrue v. Ratliff*, 560 U.S. 586 (2010).  According to the Commissioner, only if the court enters an

18

award of fees under EAJA, and if counsel for the parties can verify that plaintiff owes no pre-existing debt subject to offset, would it be appropriate to direct that the award be made payable to plaintiff's attorney, pursuant to an EAJA assignment duly signed by plaintiff and counsel.  Plaintiff did not address this issue in reply.

In *Ratliff*, the social security claimant prevailed in her appeal of the denial of benefits, and later sought attorney's fees as the prevailing party under the EAJA, 28 U.S.C. § 2412(d).  Before paying the award, the Commissioner discovered that the claimant owed a preexisting debt to the government, and sought an administrative offset of that amount from the EAJA award.  The claimant's attorney intervened to challenge the offset, arguing that the EAJA award belonged to her as the claimant's attorney, and thus could not be used to offset her client's debt.  The Supreme Court granted *certiorari* to determine "whether an award of 'fees and other expenses' to a 'prevailing party' under § 2412(d) is payable to the litigant or to his attorney."  *Ratliff*, 560 U.S. at 589. The Court held that, pursuant to the plain language of the statute, such an award is "payable to the litigant[.]"  *Id*.  The Court rejected the contention that the Commissioner's historical practice of paying lawyers directly in cases where the claimant had assigned her rights to the fee, and owed the government no debt, mandated a different result.  *Id*. at 597; *see also id.* at 599 ("The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the

litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.") (Sotomayor, J. concurring). Because the EAJA award was "payable to the litigant," it was subject to the government offset to satisfy the claimant's debt. *Id*.

As noted by a federal court from the Eastern District of Arkansas, following the *Ratliff* decision, a number of lower courts have considered whether an EAJA award should be directed to the claimant's attorney based on a contractual assignment between the claimant and his lawyer. *Johnson v. Astrue*, 2010 WL 3842371, *2 (E.D. Ark. 2010) (collecting cases). These courts have reached varying conclusions as to whether, in light of an assignment, the attorney fee can be paid directly to the plaintiff's lawyer or must still be made to the client. Based on a review of the post-*Ratliff* case law, the Arkansas District Court reached the following conclusions:

> While the Court is in a position to determine if Plaintiff has assigned his right to an EAJA award to his lawyer, it is not in a position to know if Plaintiff is indebted to the Government, something that would directly affect whether Bartels is entitled to none, some, or all of the attorney's fees. In contrast, the Commissioner is in a position to determine both whether a claimant has made a valid assignment and whether a claimant is indebted to the government. Accordingly, the Court concludes that it should be the Commissioner, not this Court, that makes both of those determinations after the entry of this Order awarding attorney's fees.

*Johnson*, at *3; *see also Lindsey v. Comm'r of Soc. Sec.*, 2014 WL 320030 (E.D. Mich. 2014). The same is true here, while plaintiff has presented the assignment, the Court does not know whether plaintiff has any valid debt owing to the government. Thus, the undersigned concludes that, despite the assignment, there is no basis to vary from *Ratliff* and the Commissioner will have to determine (a) whether plaintiff has made a valid assignment; and (b) whether claimant is indebted to the government. *Cowart v. Comm'r of Soc. Sec.*, 795 F.Supp.2d 667 (E.D. Mich. 2011) ("The Commissioner has not indicated whether in fact [plaintiff] owes money to the Government. I will therefore follow the common practice and give him the opportunity to determine whether there is a pre-existing debt that would offset the EAJA fees."). If the assignment is deemed valid and plaintiff is not indebted to the government, the Commissioner may pay the attorney fees directly to plaintiff's counsel without running afoul of *Ratliff*.

## III.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED** in part; (2) fees in the amount of $7,750.11[4] be awarded to plaintiff, along with costs in the amount of $350; (3) the Commissioner must determine whether the assignment to plaintiff's

---

[4] As the undersigned recommends that the hourly rate should be increased based on the cost of living adjustment to $187.02, that rate was multiplied by the total number of hours sought by plaintiff of 41.44 for a total attorney fee of $7,750.11.

counsel is valid and whether plaintiff is indebted to the government; and (4) if the assignment is valid and plaintiff is not indebted to the government, the attorney fee award may be payable directly to plaintiff's counsel.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: November 14, 2014                    s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on November 14, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov